595 So.2d 956 (1992)
Timothy E. TUCKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 77854.
Supreme Court of Florida.
March 26, 1992.
*957 James B. Gibson, Public Defender, and Michael S. Becker and Daniel J. Schafer, Asst. Public Defenders, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We review Tucker v. State, 576 So.2d 931 (Fla. 5th DCA 1991), based on conflict jurisdiction.[1]
Tucker pled guilty to grand theft of a motor vehicle and nolo contendere to robbery with a firearm, a first-degree felony punishable by life imprisonment. Tucker was sentenced as an habitual felony offender under section 775.084, Florida Statutes (1989), to ten years for the grand theft and to life imprisonment with a minimum mandatory of three years for the armed robbery. Tucker seeks review of his sentence for the robbery offense, claiming that first-degree felonies punishable by life imprisonment are not subject to enhancement under the provisions of the habitual offender statute.
We decided that issue contrary to Tucker's position in Burdick v. State, 594 So.2d 267 (Fla. 1992). However, we also held in Burdick that sentencing under the habitual offender statute is permissive, not mandatory.
In this case, the State argued at sentencing that a life sentence is mandatory under section 775.084(4)(a)(1). In sentencing Tucker, the trial court did not indicate whether it believed it could in fact decline to impose a life sentence.
Accordingly, we approve the opinion below but remand for the trial court to reconsider Tucker's sentence in light of our determination in Burdick that sentencing under the habitual offender statute is discretionary.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.