596 So.2d 791 (1992)
Freddie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1641.
District Court of Appeal of Florida, Fourth District.
April 8, 1992.
Clarification and Rehearing Denied May 4, 1992.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Freddie Williams appeals both his conviction for possession of cocaine with the intent to sell within one thousand feet of a school and his life sentence as a habitual felony offender under section 775.084(4)(a)1, Florida Statutes (1989). We affirm in all respects, but remand the case to the trial court for reconsideration of Williams's life sentence.
*792 Until recently, a conflict existed among the district courts of this State whether section 775.084(4)(a)1 required a mandatory life sentence. E.g., Henry v. State, 581 So.2d 928, 929 (Fla. 3d DCA 1991) (holding that a life sentence is permissive); State v. Allen, 573 So.2d 170, 171 (Fla. 2d DCA 1991) (holding that a life sentence is mandatory). In Burdick v. State, 594 So.2d 267 (Fla. 1992), the Florida Supreme Court resolved the conflict. The court held "that sentencing under sections 775.084(4)(a)1 and 775.084(4)(b)1 is permissive, not mandatory." Id. at 271.
Because the trial judge in the subject action was unsure whether he had discretion to sentence Williams to life imprisonment once he determined Williams was a habitual felony offender, this case is remanded for the trial judge to reconsider Williams's sentence in light of the supreme court's decision in Burdick.
AFFIRMED, BUT REMANDED FOR SENTENCING RECONSIDERATION.
HERSEY and GUNTHER, JJ., concur.
FARMER, J., concurring specially with opinion.
FARMER, Judge, specially concurring.
I agree with the court's disposition. Burdick v. State, 594 So.2d 267 (Fla. 1992), makes it clear that a life sentence under section 775.084(4)(a)1 and (4)(b)1, Florida Statutes (1991), is permissive rather than mandatory. The trial judge should be given a fresh chance to reconsider the life sentence in light of Burdick, so I concur with the remand.
My purpose in writing is only to note that I would have voted to reverse this conviction, however, because the trial judge  a county judge acting as a circuit judge  lacked the authority to preside over a felony trial. This "division" of the circuit court in which he sat is staffed exclusively by a succession of county judges, each serving "temporary" assignments of 5 months and 29 days. To me, that can hardly be deemed anything other than an attempt to avoid Payret v. Adams, 500 So.2d 136 (Fla. 1986), which invalidated a permanent assignment of the same county judge to preside over a "division" of the circuit court sitting in the Glades district of Palm Beach County.
The only difference here is that, instead of the same county judge, the plan involves a rotation of county judges. In either event, however, the effect is the same. A "division" of the circuit court is permanently presided over by a county judge. A criminal defendant charged with a crime that could  as, indeed, it ultimately did  result in life imprisonment, is tried before a county judge rather than the circuit judge our law requires. See § 26.012(2)(d), Fla. Stat. (1991). In our constitutional system, administrative convenience often collides with limitations on the power of the officers of government.
Defendant's appellate arguments on this issue are too late, however. He failed to make this objection below. Stein v. Foster, 557 So.2d 861 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 134, 112 L.Ed.2d 101 (1990), is clear that objections of this kind must first be raised in the trial court. The failure to do so prevents us from taking it up now. My only purpose in commenting on the subject is to alert the Chief Judge of the Fifteenth Judicial Circuit that at least one judge in the little, red-brick building across town perceives a problem in his imaginative use of county judges to create an additional circuit judge that the legislature has declined to give him.