THREADGILL, Judge.
Herbert Davis challenges his two consecutive life sentences as a habitual felony offender for the sale and possession of cocaine within 1,000 feet of a school. § 893.13(l)(e)l., Fla. Stat. (1989). Davis raises two points on appeal. First, he claims that the trial court erred in classifying him as a habitual felony offender, subsection 775.084(l)(a), Florida Statutes (1989), because the court failed to require corroboration of some of his prior convictions. We find no merit in this argument and affirm the classification.
Second, Davis claims that the trial court erred in imposing consecutive life sentences authorized under subsection 775.-084(4)(a), Florida Statutes (1989), on the ground that they are disproportionate to the crimes and violate constitutional prohibitions against cruel and unusual punishment. Because we may effectively dispose of this case on nonconstitutional grounds, we decline to pass upon this issue. See Singletary v. State, 322 So.2d 551 (Fla 1975). Instead, we reverse the appellant’s *240 sentence and remand for resentencing in light of Burdick v. State, 594 So.2d 267 (Fla.1992), decided during the pendency of this appeal. See also King v. State, 597 So.2d 309 (Fla. 2d DCA 1992).
At the time that Davis was sentenced, the enhanced penalty described in the habitual offender act was deemed mandatory once a defendant was classified as a habitual felony offender. In Burdick, however, the supreme court held that sentencing under the habitual offender act is permissive, not mandatory. Because the trial judge did not have the benefit of Burdick and King when sentencing the appellant, we do not know whether he would have imposed more lenient sentences. We therefore reverse the two life sentences and remand for resentencing in accordance with Bur-dick and King. See also Tucker v. State, 595 So.2d 956 (Fla.1992).
Reversed and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.