RYDER, Acting Chief Judge.
Joel Stewart challenges his habitual offender sentence and the imposition of costs relative to his conviction for burglary. We find no merit to his argument concerning costs. Because the requirements of the habitual offender statute were met, we affirm the trial court’s habitualization of appellant. We choose, however, to discuss one aspect of the sentencing.
The trial judge at sentencing seemed to express disagreement with other district’s rulings that sentencing under the habitual felony offender statute is permissive. He did not then have the benefit of either Burdick v. State, 594 So.2d 267 (Fla.1992) or King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992). We affirm the conviction, but reverse and remand appellant’s habitual offender sentence because we do not know whether the trial judge would have imposed a more lenient sentence. See Davis v. State, 599 So.2d 239 (Fla. 2d DCA 1992); Tucker v. State, 595 So.2d 956 (Fla.1992).
Reversed and remanded to allow the judge to review the sentencing in light of Burdick and King.
SCHOONOVER and THREADGILL, JJ., concur.