625 So.2d 102 (1993)
Anthony LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3837.
District Court of Appeal of Florida, First District.
October 12, 1993.
Cheryl Johnson Howard, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Senior Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no good faith argument could be made on appeal. Appellant was convicted as a principal of robbery with a firearm, aggravated battery, and burglary of a structure with a firearm. The record indicates Appellant's accomplice, not Appellant, actually carried the firearm during the commission of the offenses.
*103 Constructive or vicarious possession of a firearm is sufficient to sustain a conviction for robbery with a firearm, Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). Although we have found no case specifically discussing whether a defendant can be convicted, as a principal, of aggravated battery under Section 784.045(1)(a)2, Florida Statutes, when he did not actually carry the firearm, that is apparently the case. See Staten v. State, 519 So.2d 622 (Fla. 1988); Gillis v. State, 486 So.2d 706 (Fla. 5th DCA 1986).
During sentencing, the trial judge made the following statement:
You have a score sheet that without even considering HFO puts you at life. In other words, your possible sentence is precisely what the maximum sentence is that I could impose upon you for the offense you're charged with. For someone your age for as serious an offense as you are before me for, that's unusual, and what it indicates to me again is that I really don't have discretion on that, sir. I mean, the sentence that I would impose upon you today based upon the score sheet is life and so I need to make the next determination of whether or not that is an appropriate sentence or whether or not it is appropriate that you be sentenced as habitual felony offender to life. And I understand that the distinction between the two is that you will not serve for life either way, but what will happen is that if I were to sentence you as a habitual felony offender, you would have less gain time, and so it means you would be behind bars for a long period.
The above statement concerning the effect of imposing a life sentence and the availability of gain-time is inaccurate. Under current law, one serving a life sentence, whether pursuant to guidelines sentencing or habitual offender sentencing, is ineligible for parole or gain-time. See Sections 775.084(4)(e), 921.001(10), 944.275(2)(a), Florida Statutes (1991); Wemett v. State, 567 So.2d 882 (Fla. 1990); Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) approved in part and quashed in part 594 So.2d 267 (Fla. 1992); see also Dolan v. State, 618 So.2d 271 (Fla. 2d DCA 1993). However, because the trial court's intent to impose a life sentence is unambiguous, we affirm the judgment and sentence.
ERVIN, JOANOS and WOLF, JJ., concur.