PER CURIAM.
The appellant, Herbert Davis, challenges the trial court’s judgment and sentence. We find that the trial court erred in resentencing the appellant and, accordingly, reverse and remand for resentencing.
The appellant was charged with and convicted of one count of delivery of cocaine with intent to sell within 1000 feet of a school and one count of possession of a controlled substance with intent to sell, purchase, manufacture, or deliver within 1000 feet of a school. § 893.13(l)(e)l., Fla.Stat. (1989). The appellant was sentenced as a habitual felony offender to two consecutive life sentences. The appellant challenged the proportionality of the sentences to the subject crimes in Davis v. State, 599 So.2d 239 (Fla. 2d DCA 1992), and this court reversed appellant’s sentences and remanded for resentencing in accordance with Burdick v. State, 594 So.2d 267 (Fla.1992), and King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla.1992). On remand, the trial court again sentenced the appellant to two consecutive life sentences and the appellant filed a timely notice of appeal challenging his resentencing.
At the time of the appellant’s original sentencing, the enhanced penalty under the habitual offender act was deemed mandatory. However, subsequent to the appellant’s original sentencing, Burdick and King were decided and held that sentencing under the habitual offender act was permissive, not mandatory, and that a habitual felony offender may be sentenced to any term of years up to the maximum enhancement allowed by subsections 775.084(4)(a)(l), (2), and (3).
In the instant case, this court remanded for resentencing because it did not know whether the trial court would have imposed more lenient sentences if it had the benefit of the Burdick and King decisions. Davis, 599 So.2d at 240. On remand, a different trial judge than the trial judge who imposed the original sentence resentenced the appellant to two consecutive life sentences and found that it was not the sentence he would have imposed but it was the sentence that the original trial judge had intended. The second trial judge did not indicate whether he believed he could decline to impose two consecutive life sentences.
This court did not remand for the second trial judge to make a determination as to whether the first trial judge intended to impose two consecutive life sentences. Instead, this court remanded for the trial judge to reconsider the appellant’s sentences in light of Burdick and King. See Tucker v. State, 595 So.2d 956 (Fla.1992). See also Williams v. State, 596 So.2d 791 (Fla. 4th DCA 1992).
*81 We, accordingly, reverse the appellant’s two consecutive life sentences and again remand for the trial court to reconsider the appellant’s sentences in light of Burdick and King. At resentencing, the trial court must of course consider the supreme court’s decision in Hale v. State, 630 So.2d 521 (Fla.1993).
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.