710 So.2d 761 (1998)
Ronnie BRISTOL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04559.
District Court of Appeal of Florida, Second District.
May 27, 1998.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Ronnie Bristol appeals his habitual felony offender sentence, arguing that the trial court was mistaken when it stated that it had no discretion regarding the length of Bristol's sentence. We reverse because the record supports that the trial court did not feel that it had any discretion in determining the sentence once it determined that Bristol should be designated as a habitual felony offender.
The record reflects that the trial court knew that it had discretion to sentence Bristol under the guidelines or under the habitual felony offender statute. The trial court then determined that for the protection of the public that Bristol should be sentenced as a habitual felony offender. However, the record also supports that the trial court did not believe Bristol deserved life, but believed it had no choice regarding the length of Bristol's sentence. The trial court noted that Burdick v. State, 594 So.2d 267 (Fla.1992), did not apply to this case because the trial court sentenced Bristol under the 1995 version of the habitual felony offender statute and Burdick addressed the 1989 version.
Recently, in State v. Hudson, 698 So.2d 831, 832 (Fla.1997), the supreme court reiterated that sentencing under the habitual felony offender statute is permissive, not mandatory. The supreme court cited Burdick and noted that sentencing under section 775.084(4)(a) and (b) is permissive and not mandatory. See Hudson, 698 So.2d at 832. Upon remand, the trial court may reconsider the length of Bristol's habitual felony offender sentence because it is within its discretion to do so.
Reversed and remanded.
NORTHCUTT, J., and RONDOLINO, ANTHONY, Associate Judge, concur.