SHARP, W, J.
Gray appeals from the summary denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). She contends that she received an illegal sentence when the court changed her original sentence of three years in prison to reflect a minimum mandatory term of three years for drug trafficking. The trial court denied her motion, explaining that this motion is successive and that there was a plea agreement with the state in which the minimum mandatory term was waived as long as she performed a substantial assistance agreement, but she failed to perform. However, the trial court failed to attach any documentation to establish that the minimum mandatory term was pronounced at the original sentencing or to show some other basis authorizing the subsequent imposition of the minimum mandatory term. Accordingly, we reverse and remand this cause to the trial court for the purpose of attaching portions of the record which support its ruling, or to grant the relief requested.
It appears on the face of the record before us that Gray pled guilty to trafficking in one kilogram or more of GHB [1] and was sentenced on March 25, 2004, to five years of probation, with three years in prison as a condition of probation. Gray filed a motion to modify the sentence, which was granted and she was sentenced on July 9, 2004, to three years in prison, with probation deleted. She alleges that the state waived the minimum mandatory term for the drug offense, which was permissible under the statute[2].
*256 Gray’s sentence was then changed on September 22, 2004, nunc pro tunc to the date of the original sentence, to reflect a minimum mandatory term of three years for drug trafficking. Although the court stated that Gray was present at that sentencing, she alleges that she was then in prison, serving her sentence on that date.
In denying her motion, the trial court stated that Gray had previously filed two motions requesting that the minimum mandatory portion of her sentence be deleted, they were denied, and that no appeals were filed. These motions and orders are not attached to the trial court’s order.
Further, in denying her motion, the trial court found that she had entered into a plea agreement with the state in which the minimum mandatory term would be waived, as long as she provided assistance to the state. However, because she failed to perform as required, the court imposed the minimum mandatory sentence. In addition, the court stated that due to a scrivener’s error, the original paperwork did not indicate that the minimum mandatory sentence was imposed, but that it had corrected that error.
Our problem in this case is that the trial court failed to attach a copy of any court records to support the denial of Gray’s motion, assuming her allegations are accurate. There is no attached record to show that the original sentence included a minimum mandatory term or a plea agreement providing that waiver of the term was conditional, based on substantial assistance agreement. The original sentence is not attached nor is there a copy of a plea transcript or sentencing transcript. Thus, the record before us does not support the court’s finding that it orally pronounced the minimum mandatory term at the original sentence, that Gray entered into a plea agreement that waived it conditionally, that she failed to perform as required, that the state was then authorized to file a motion to vacate the plea or sentence and the necessary procedure set forth in Florida Rule of Criminal Procedure 3.170(g) was followed.
As Gray points out, in Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003), the Florida Supreme Court held that “once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of the double jeopardy principles.” Florida Rule of Criminal Procedure 3.170(g) provides for a waiver of double jeopardy protection when a substantial assistance plea bargain is entered into. See also Metellus v. State, 817 So.2d 1009 (Fla. 5th DCA 2002). However, as noted above, the record here does not establish that a waiver occurred, or if so, that a substantial assistance agreement was properly shown to have been breached.
Further, in Ashley, the court reaffirmed the principle that a court’s oral pronouncement of sentence controls over the written document. 850 So.2d at 1268. See also State v. Jones, 753 So.2d 1276, 1277 (Fla.2000); State v. Williams, 712 So.2d 762 (Fla.1998). Oral pronouncements prevail unless they are in error due to a clerical error such as the calculation of jail credit. However, in a footnote in Ashley, the court emphasized that correction of a scrivener’s error which is authorized under Rule 3.800(b), refers to mistakes in the written sentence that conflict with the oral pronouncement. 850 So.2d at 1268 n. 3.
Thus, if the court did not originally impose the minimum mandatory term, it could not do so at a later date after Gray had begun to serve her sentence, unless there was a plea agreement and her default was duly established. See also Coo *257 ley v. State, 901 So.2d 271 (Fla. 1st DCA 2005). If the trial court orally imposed a minimum mandatory term at the original sentencing, then the written sentence was properly corrected.
The state argues that failure to orally impose a three year minimum mandatory term for use of a firearm can be corrected, because imposition of the mandatory sentence is required and is not discretionary. See, e.g., Gardner v. State, 699 So.2d 798 (Fla. 4th DCA 1997); State v. Brendell, 656 So.2d 594 (Fla. 5th DCA 1995). However, these cases are distinguishable, because the minimum mandatory term for drug trafficking may be waived by the state. Thus, the issue in this case is whether there was a proper plea agreement encompassing a substantial assistance agreement and whether the state followed the necessary procedural requirements of the rule to vacate the sentence and impose a new one.
REVERSED and REMANDED
ORFINGER and TORPY, JJ., concur.

. Gamma-hydroxybutyric acid, a schedule I controlled substance. See § 893.03(1)(d)(3), Fla. Stat. (2005).

. § 893.135(4), Fla. Stat. (2005).