974 So.2d 455 (2008)
Gregory L. STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4025.
District Court of Appeal of Florida, Second District.
January 18, 2008.
*456 Gregory L. Stephens, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Gregory Stephens appeals the denial of his motion for postconviction relief raising three issues. We affirm without comment two of these issues. Because of the unique circumstances of this case, we treat the appeal of the denial of the third issue as a petition for a writ of habeas corpus, grant the petition, and direct the trial court to reconsider the length of Mt. Stephens' habitual felony offender (HFO) sentence.
On October 25, 1996, Mr. Stephens was sentenced for armed burglary, a first-degree felony punishable by a term of years not exceeding life imprisonment. The trial court denominated Mr. Stephens a HFO pursuant to section 775.084(4)(a)(1), Florida Statutes (1995), and sentenced him to life in prison. The transcript of the sentencing hearing reveals that the court, after designating Mr. Stephens a HFO, observed: "So pursuant to the statute, I'm required to sentence Mr. Stephens to life in prison." Thinking that it had no discretion in the matter, the trial court effectively imposed a minimum mandatory sentence of life on Mr. Stephens. In so doing, however, the trial court erred. A few years prior to the date on which Mr. Stephens was sentenced, the Florida Supreme Court, in Burdick v. State, 594 So.2d 267, 271 (Fla.1992), held that under the HFO statute a life sentence is not mandatory for armed burglary.[1] The Florida Supreme *457 Court has described such an error as a fundamental sentencing error. See Maddox v. State, 760 So.2d 89, 103 (Fla.2000).
Mr. Stephens appealed his judgment and sentence. His briefs were filed before the closing of the window on November 12, 1999, for raising unpreserved but fundamental sentencing errors on appeal. See Brannon v. State, 850 So.2d 452, 456 (Fla. 2003); Maddox, 760 So.2d at 98. The issue of whether the trial court erroneously thought a life sentence was mandatory Was raised by his briefs.
On July 12, 2000, this court decided the direct appeal. Stephens v. State, 761 So.2d 1240 (Fla. 2d DCA 2000). The Stephens opinion reveals that this court thought that Mr. Stephens had been sentenced pursuant to the 1995 sentencing guidelines. Based on that erroneous assumption, this court remanded the case for reconsideration of the sentence and directed the trial court's attention to Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000), a case that assessed the impact of the Florida Supreme Court's opinion in Heggs v. State, 759 So.2d 620 (Fla.2000), on 1995 guidelines sentences. The transcript of the October 20, 2000, hearing held after remand reflects the parties' uncertainty about why this court ordered Mr. Stephens' sentence to be reconsidered. The Stephens opinion did not adequately direct the court's or parties' attention to the fact that a fundamental sentencing error had occurred. Thus, Mr. Stephens was deprived of a real opportunity to have his sentence reconsidered.
Mr. Stephens has highlighted the inequity of his situation by comparing it to that of the appellant in Bristol v. State, 710 So.2d 761 (Fla. 2d DCA 1998). According to Mr. Stephens, Mr. Bristol was sentenced by the same judge to life in prison as a HFO on the very same day that Mr. Stephens was sentenced. (The web site of the Sarasota County Clerk of the Circuit Court confirms this allegation.[2]) Yet when Mr. Bristol filed his direct appeal, arguing that the trial court had erroneously believed it had no discretion to impose anything other than a HFO life sentence, this court remanded for the trial court to reconsider the length of Mr. Bristol's HFO sentence "because it is within its discretion to do so." Id. at 761. To give Mr. Bristol relief but to deny Mr. Stephens the same relief for virtually identical circumstances is a manifest injustice that does not promotein fact, it corrodesuniformity in the decisions of this court.
After Mr. Stephens filed this appeal, we asked the State to respond specifically to his allegations. The State simply contends that Mr. Stephens has previously raised this exact claim, the denial of which has been affirmed by this court. Nevertheless, to prevent a manifest injustice and a denial of due process, relief may be afforded even to a litigant raising a successive claim. See State v. McBride, 848 So.2d 287, 291 (Fla.2003); Lawton v. State, 731 So.2d 60, 61 (Fla. 2d DCA 1999).
In rare circumstances, this court has exercised its inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results. See Zeno v. State, 910 So.2d 394, 396 (Fla. 2d DCA 2005). Apparently, this court overlooked the Bristol opinion and, as a result, confused the trial court and the parties as to the appropriate relief to consider on remand. Consequently, Mr. Stephens' *458 case presents one of those uncommon and extraordinary circumstances.
Accordingly, we treat the appeal of the denial of Mr. Stephens' third issue in his rule 3.850 motion as a petition for a writ of habeas corpus, grant the, petition, and direct the trial court, as this court did in Bristol, to reconsider the length of Mr. Stephens' HFO sentence. Whether the judge who originally sentenced Mr. Stephens or a successor judge shall reconsider the sentence must be determined by the principles set out in Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002).
Petition granted.
NORTHCUTT, C.J., and KELLY and LaROSE, JJ., Concur.
NOTES
[1] Even though Burdick interpreted section 775.084(4)(a)(1), Florida Statutes (1989), there are no relevant differences in the wording between the 1989 and the 1995 versions of this section.
[2] See http://courtweb.co.sarasota.fl.us/ crimapp/crimdetail.asp?case_id (Case Number 1995 CF 002868 NC).