FARMER, J.
 

 Defendant filed this case as an appeal from a trial court order denying a successive motion to correct an illegal sentence.
 
 See
 
 Fla. R.Crim. P. 3.800(a). Johnson’s sentence had been affirmed on direct appeal. Since then he has raised this same issue of illegality in three separate attempts, all of which we. have rejected. Technically the sentence is not an illegal
 
 *641
 
 sentence.
 
 [1]
 
 Under settled law, he would be proeedurally barred from raising errors regarding the imposition of the sentence because the law of this case is that the sentence is valid. The trial court so held in denying his latest motion under rule 3.800(a).
 

 Since we last considered his contention, however, the Second District faced an identical claim under nearly identical circumstances.
 
 Stephens v. State,
 
 974 So.2d 455 (Fla. 2d DCA 2008). There the Second District recognized that it had failed to perceive on direct appeal “that a fundamental sentencing error had occurred” and that defendant “was deprived of a real opportunity to have his sentence reconsidered.” 974 So.2d at 457. We confess the same mistake. We have failed to perceive that a fundamental sentencing error occurred and that defendant has been deprived of a real opportunity to have his sentence reconsidered. As the
 
 Stephens
 
 court did, we treat this appeal as a petition for a writ of habeas corpus and grant the petition to prevent a manifest injustice.
 

 Johnson was convicted of armed robbery in 1991 for taking a package of cookies at gunpoint and threatening to return and shoot the clerk. In returning a verdict of guilty, all jurors included a note requesting leniency towards the defendant based on unusual circumstances in the case. At the sentencing hearing, the State presented documents showing that Johnson had four prior felony convictions qualifying him as a habitual felony offender (HFO).
 
 [2]
 
 In considering sentencing alternatives, the judge believed that he would be required to serve no more than 20% of any sentence imposed. If sentenced under the guidelines, the judge thought Johnson would serve less than 5 years in prison and, as a result, decided that an HFO sentence was warranted.
 

 The trial court was under the impression that because Johnson was convicted of a first degree life felony, an HFO sentence would require the court to impose life rather than a term of years. Over defense counsel’s objection, the court therefore imposed a life sentence. Defense counsel argued that in spite of the word “shall” in the statute, the cases indicate that a court could nevertheless impose any term of years up to life.
 
 See
 
 § 775.084(4)(a), Fla. Stat. (1991). At that point, the court questioned how much time Johnson would actually serve on a life sentence. Defense counsel responded that Johnson would have to serve life. The court doubted that DOC would require him to serve even 25 years in prison. Actually, the court failed to perceive that with an HFO life sentence defendant would not be eligible for parole. § 775.084(4)(e), Fla. Stat. (1991);
 
 Brown v. State,
 
 843 So.2d 930, 932 n. 2 (Fla. 3d DCA 2003) (citing
 
 Lewis v. State,
 
 625 So.2d 102, 103 (Fla. 1st DCA 1993) and recognizing there is no parole from a life sentence);
 
 Brown v. State,
 
 585 So.2d 350 (Fla. 4th DCA 1991);
 
 Burdick v. State,
 
 584 So.2d 1035, 1038-39 (Fla. 1st DCA 1991),
 
 quashed in part on other grounds,
 
 594 So.2d 267 (Fla.1992).
 

 
 *642
 
 On direct appeal, Johnson argued that the case should be remanded for reconsideration of the sentence in light of
 
 Burdick v. State,
 
 594 So.2d 267 (Fla.1992), because the trial court acted with the erroneous understanding that the life sentence was mandatory.
 
 [3]
 

 See Tucker v. State,
 
 595 So.2d 956 (Fla.1992) (remanding for reconsideration in light of
 
 Burdick
 
 because the record did not indicate whether the trial court believed that it could decline to impose a life sentence);
 
 Crumitie v. State,
 
 605 So.2d 543 (Fla. 1st DCA 1992) (recognizing the test is whether the court
 
 may
 
 have believed a life sentence was required, not whether the record affirmatively shows a mistaken belief). The State did not object to remanding Johnson’s case based on
 
 Burdick.
 
 In spite of that we affirmed his sentence without opinion.
 
 Johnson v. State,
 
 609 So.2d 46 (Fla. 4th DCA 1992).
 

 Johnson has since tried to raise this issue at least three times, but we have denied such relief on procedural grounds. Most recently he filed an All Writs petition in the Florida Supreme Court arguing that he has not received equal treatment under the law and that he does not have an adequate remedy under rule 3.800(a). He cited the
 
 Stephens
 
 decision in support of his petition. The Supreme Court transferred the petition to the trial court for consideration as a rule 3.800(a) motion, but that court denied the motion, agreeing with the State that reconsideration of this issue is procedurally barred under the law of the case. Johnson did bring
 
 Stephens
 
 to the attention of the trial court but neither the State nor the trial court discussed whether the failure to reconsider the sentence would be a manifest injustice correctable by habeas corpus.
 

 We conclude that Johnson is entitled to the same relief as the defendant in
 
 Stephens.
 
 As Johnson has pointed out, this court granted
 
 Burdick
 
 relief to other defendants whose direct appeals were contemporary with Johnson’s.
 
 Adams v. State,
 
 617 So.2d 474 (Fla. 4th DCA 1993);
 
 Williams v. State,
 
 596 So.2d 791 (Fla. 4th DCA 1992). In fact, our
 
 Williams
 
 decision was cited by Johnson’s appellate counsel on direct appeal.
 

 The record discloses factors supporting a sentence significantly less than Johnson’s life sentence. The trial court failed to understand that a life sentence means no possibility of parole. As the Initial Brief pointed out on the direct appeal, the jurors unanimously requested: “Due to the unusual circumstances involved in this case we request leniency be considered toward the defendant.” On direct appeal, the State itself did not object to a remand for reconsideration of the sentence. Finally, under the current statute, Johnson would not even qualify as an HFO, and the sentencing judge could take that into consideration.
 

 We agree that it is a manifest injustice to deny him the same relief afforded other defendants identically situated. We grant the petition for a writ of habeas corpus and direct the trial court to hold a new sentencing hearing and reconsider Johnson’s sentence.
 

 WARNER and HAZOURI, JJ., concur.
 

 [1]
 

 .
 
 Carter v. State,
 
 786 So.2d 1173, 1180-81 (Fla.2001) (sentence is illegal if it imposes the kind of punishment no judge under entire body of sentencing statutes could possibly inflict under any set of factual circumstances; HFO is correctable as illegal sentence under rule 3.800(a) only where HFO statute in effect at sentencing did not authorize HFO for life felonies).
 

 [2]
 

 . Under the statute at the time this offense was committed, convictions for possession of a controlled substance alone could qualify a defendant for habitual offender sentencing. § 775.084, Fla. Stat. (1991). Now, the statute requires that at least one of the prior felony convictions be for an offense other than the purchase or possession of a controlled substance. § 775.084(l)(a)3, Fla. Stat. (2008).
 

 [3]
 

 . The sentencing judge in this case was not the same judge who ruled on the 3.800 motion presently before us.