PER CURIAM.
 

 Petitioner seeks a belated appeal based on ineffectiveness of appellate counsel. We deny the Petition in all respects except for Petitioner’s claim that counsel should have challenged the minimum mandatory component of her sentence on double jeopardy grounds. Petitioner was initially sentenced for conspiracy to traffic in cocaine without imposition of the minimum mandatory penalty. The State did not object. The court later resentenced Petitioner at
 
 *725
 
 the behest of the State to impose the minimum mandatory penalty. This aspect of Petitioner’s sentence was not challenged on direct appeal as a double jeopardy violation. The State concedes that Petitioner is entitled to relief from the minimum mandatory.
 
 See Gray v. State,
 
 915 So.2d 254 (Fla. 5th DCA 2005) (because minimum mandatory for drug trafficking may be waived, sentence not illegal where State fails to object to omission of minimum mandatory at initial sentencing; resen-tencing to impose minimum mandatory under such circumstances violates double jeopardy);
 
 see also Delemos v. State,
 
 969 So.2d 544, 551 (Fla. 2d DCA 2007).
 

 Accordingly, we grant the Petition for the limited purpose of challenging the minimum mandatory sentence and consider the appeal without further briefing. Based upon the State’s proper concession, we reverse the sentence and remand with directions to strike the minimum mandatory term, effectively reinstating the sentence originally orally pronounced and imposed.
 

 AFFIRMED in part; REVERSED in part and REMANDED.
 

 PALMER, TORPY and EVANDER, JJ., concur.