SWANSON, J.
 

 In this direct criminal appeal, appellant seeks review of the sentence imposed by
 
 *172
 
 the trial court in response to his pro se motion to vacate his life sentence.
 

 A grand jury originally indicted appellant for armed robbery, aggravated battery and possession of a firearm by a convicted felon, for offenses committed on October 12, 1991. Although charged as an adult, at the time of those offenses appellant was sixteen years of age. Subsequently, appellant pled guilty to the charged offenses and was sentenced to a term of life in prison as a habitual violent felony offender for the armed robbery, consistent with the provision of section 775.084(4)(b)l., Florida Statutes (1991). Appellant also received concurrent thirty-year sentences for the second-degree felonies in this case and another case not subject to this appeal.
 

 In July 2010, appellant moved, pro se, to vacate the life sentence based on
 
 Graham v. Florida,
 
 — U.S. —, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). In
 
 Graham,
 
 the United States Supreme Court held that a sentence of life without the possibility of parole for any crime committed by an offender under the age of eighteen, other than homicide, constituted cruel and unusual punishment prohibited by the Eighth Amendment to the U.S. Constitution.
 

 In this appeal, appellant seeks review of the sentence imposed by the trial court after it granted his motion to vacate his life sentence in light of
 
 Graham.
 
 The crime of robbery with a firearm is a first-degree felony ordinarily “punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.” § 812.13(2)(a), Fla. Stat. (1991). As earlier noted, though, the trial court sentenced appellant as a habitual violent felony offender to a life sentence without the possibility of parole. However, after agreeing that
 
 Graham
 
 rendered appellant’s life sentence unconstitutional, at resentencing the trial court again sentenced appellant as a habitual violent felony offender, but imposed a term of forty years’ imprisonment. On its face, this sentence is unlawful. In the case of a felony of the first degree, section 775.084(4)(b)l.,
 
 mandates
 
 a life sentence; it does not authorize the imposition of a term-of-years sentence. Consequently, in appellant’s case, due to the dictate of
 
 Graham
 
 and the unalterable sentencing mandate of section 775.084(4)(b)l., the trial court did not have the option on resentencing to retain appellant’s status as a habitual violent felony offender. Rather, the trial court was limited to imposing a sentence consistent with section 812.13(2)(a) and the sentencing guidelines.
 

 Sentencing under the guidelines was discussed during the resentencing hearing. Defense counsel noted appellant’s score-sheet for a first-degree felony reflected a permitted sentence ranging from nine to twenty-two years’ incarceration, and argued that any sentence exceeding the twenty-two year ceiling would have to be accompanied by written departure reasons. The trial court considered imposing the forty-year sentence as an upward departure, discussing various reasons for doing so, but ultimately rejected that option, pronouncing the forty-year sentence to be “appropriate” and ruling “the HVFO stands.”
 

 Following the filing of his Notice of Appeal, appellant also filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court denied the motion. Appellant’s arguments raised in his motion and on appeal are the same: section 775.084(4)(b)l., does not authorize the imposition of a “term-of-years” habitual violent felony offender sentence for a first-degree felony punishable by life, and the forty-year sentence is otherwise unavailable as a guidelines upward departure sen
 
 *173
 
 tence without written reasons comporting with section 921.001, Florida Statutes (1991). In addition, appellant pointed to the Florida Supreme Court’s recent ruling in
 
 State v. Fleming,
 
 61 So.3d 399 (Fla. 2011), applying
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to resentencing conducted after those decisions were issued.
 

 We conclude the trial court’s discretionary sentencing option was limited by appellant’s permitted guidelines range, which imposes a ceiling of twenty-two years’ imprisonment, and that any departure from the permitted range would require written reasons. Furthermore, under
 
 Fleming,
 
 the trial court must take into account the mandate of
 
 Apprendi,
 
 as applied in
 
 Blakely
 
 to guidelines sentencing, that, “except for the fact of a prior conviction, a judge may impose sentence based solely on the facts reflected in a jury verdict or admitted by the defendant.”
 
 Fleming,
 
 61 So.3d at 408. Consequently, it is premature for this court to consider the sufficiency of any of the oral reasons announced by the trial court to justify the imposition of an upward departure sentence.
 

 Based on the foregoing discussion, we REVERSE appellant’s sentence and REMAND for resentencing in accordance with this opinion.
 

 BENTON, C.J., and VAN NORTWICK, J., concur.