PER CURIAM.
We affirm the trial court’s denial of appellant’s Rule 3.800(a) motion. Appellant’s motion did not establish that the face of the record showed that his life sentence as habitual violent felony offender was illegal. To the extent appellant sought the extraordinary relief granted in Johnson v. State, 9 So.3d 640 (Fla. 4th DCA 2009), and Stephens v. State, 974 So.2d 455 (Fla. 2d DCA 2008), appellant was sentenced as a habitual violent felony offender. The sentencing provisions pertaining to habitual violent felony offenders, section 775.084(4)(b), Florida Statutes, never contained the anomalous “shall” that was the subject of Burdick v. State, 594 So.2d 267 (Fla.1992), and which formed the basis for the manifest injustice found in Johnson and Stephens. The sentencing court was not misled by the statute in effect at the time of the offense into believing that a life sentence was mandatory in appellant’s case. See § 775.084(4)(b), Fla. Stat. (1997).

Affirmed.

STEVENSON, DAMOORGIAN and GERBER, JJ., concur.