SLEET, Judge.
George Copeland appeals the order summarily denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 8.800(a). Although we affirm the postconviction court’s denial of Copeland’s motion as successive and without merit, we write to address Copeland’s misplaced reliance on Shingler v. State, 74 So.3d 171 (Fla. 1st DCA 2011).
In his motion, Copeland asserts that because he was sentenced for committing a first-degree felony as a habitual felony offender (HFO), the circuit court was obligated to impose a life sentence under section 775.084(4)(a), Florida Statutes (1995). According to Copeland, it follows that because the circuit court sentenced him to thirty years in prison, it failed to impose a legal sentence. He contends that he cannot be sentenced as an HFO upon re-sentencing and that his sentence must therefore be vacated, thus entitling him to immediate release. To support his claim, Copeland primarily relies on the following quote from Shingler: “On its face, this sentence is unlawful. In the case of a felony of the first degree, section 775.084(4)(b)l., mandates a life sentence; it does not authorize the imposition of a term-of-years sentence.” Id. at 172.
Shingler does not apply to Copeland’s case because Shingler specifically addresses the application of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), to a defendant convicted of a first-degree felony committed when he was sixteen years old and sentenced to life in prison as a habitual violent felony offender (HVFO) under section 775.084(4)(b)(l). However, we write to clarify that sentencing under both the HVFO and HFO statutes is permissive, not mandatory. King v. State, 681 So.2d 1136, 1138 (Fla.1996), receded from on other grounds by Carter v. State, 786 So.2d 1173 (Fla.2001); Allen v. State, 599 So.2d 996, 997 (Fla.1992) (holding that maximum sentences in HFO statutes are permissive); Stephens v. State, 974 So.2d 455, 456 (Fla. 2d DCA 2008) (holding that the sentencing court has discretion when imposing an HFO sentence); Pankhurst v. State, 796 So.2d 618, 620 (Fla. 2d DCA 2001). Therefore it was within the sentencing court’s discretion under section 775.084 to sentence Copeland to a thirty-year sentence as an HFO rather than to a life sentence.
Affirmed.
KELLY and KHOUZAM, JJ., Concur.