PER CURIAM.
In 2000, Appellant was convicted of two first-degree felonies punishable by life and was sentenced as a habitual violent felony *986 offender (HVFO) to 26 years in prison with a 10-year mandatory minimum term. In 2014, Appellant filed a rule 3.800(a) motion in which he claimed that his sentence is illegal because, under section 775.084(4)(b)l., Florida Statutes (1999), the trial court did not have the authority to sentence him as an HVFO to a term-of-years sentence. The trial court summarily denied the motion. We affirm.
Appellant’s term-of-years sentence is not illegal. The Florida Supreme Court has unequivocally held that “sentencing under sections 775.084(4)(a)(1) and 775.084(4)(b)(1) is permissive, not mandatory,” Burdick v. State, 594 So.2d 267, 271 (Fla.1992), and it has also expressly rejected the argument made by Appellant in his motion. See Allen v. State, 599 So.2d 996 (Fla.1992) (quashing decision that held that the trial court was required to sentence habitual felony offender to a life sentence under section 775.084(4)(a)1. and remanding for reinstatement of the 40-year sentence imposed by the trial court); State v. Eason, 592 So.2d 676 (Fla.1992) (approving decision affirming defendant’s 25-year sentence as an HVFO and rejecting State’s argument that the trial court was required by section 775.084(4)(b)1. to sentence defendant to life in prison with a 15-year mandatory minimum term).
We recognize that in Shingler v. State, this court stated that “[i]n the case of a felony of the first degree, section 775.084(4)(b)1., mandates a life sentence; it does not authorize the imposition of a term-of-years sentence.” 74 So.3d 171, 172 (Fla. 1st DCA 2011) (emphasis in original). However, we find Appellant’s reliance on Shingler misplaced because that case involved a juvenile defendant who, by virtue of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), could not be sentenced to life in prison, and moreover, applying Shingler beyond the circumstances of that case would conflict with the Florida Supreme Court decisions cited above. Accord Copeland v. State, 118 So.3d 842, 843 (Fla. 2d DCA 2013) (distinguishing Shingler and affirming defendant’s 30-year sentence as a habitual felony offender).
For these reasons, the trial court’s order denying Appellant’s rule 3.800(a) motion is AFFIRMED.
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.