IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUAN INES BARRIERA,

        Appellant,

 v.

STATE OF FLORIDA,

        Appellee.

Case No.  5D16-630

_____/

Opinion filed July 29, 2016

3.800 Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Juan I. Barriera, Madison, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Juan Barriera appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence.  Barriera candidly acknowledges that his sentence "is not technically illegal."  Nevertheless, he argues that the postconviction court erred by not granting him habeas corpus relief to rectify a "manifest injustice."  We write to explain why Barriera is not entitled to relief.

In 1994, following a jury trial, Barriera was convicted of armed burglary of a dwelling, a first-degree felony punishable by up to life in prison. § 810.02(2)(b), Fla. Stat. (1994).[1] He was sentenced as a habitual violent felony offender ("HVFO") to serve life in prison, with the trial court also orally pronouncing that Barriera "would not be eligible for parole for at least fifteen years."[2] This court affirmed Barriera's judgment and sentence without opinion. *Barriera v. State*, 661 So. 2d 16 (Fla. 5th DCA 1995).

Over the ensuing years, Barriera filed several motions seeking postconviction relief, which were all denied by the lower court. His appeals of the denial orders were also unsuccessful. In 2015, Barriera, through counsel, wrote a letter to the Florida Commission on Offender Review, inquiring as to his parole eligibility for the armed burglary conviction. The commission responded that, due to the nature and the timing of his offense, Barriera would essentially never be eligible for parole. Barriera, thereafter, filed his present motion, arguing that his sentence is illegal and, more particularly, that a manifest injustice has occurred because the trial court intended that he be eligible for parole, yet the Commission on Offender Review determined otherwise. In the order on appeal, the postconviction court held that Barriera's sentence was not illegal and the transcript from the sentencing hearing did not demonstrate that the sentencing court intended for Barriera to receive parole.

Citing to *Johnson v. State*, 9 So. 3d 640 (Fla. 4th DCA 2009), and *Stephens v. State*, 974 So. 2d 455 (Fla. 2d DCA 2008), Barriera essentially asks that we treat his

---

[1] Barriera was also convicted of two other felonies which are not pertinent to this appeal.

[2] The written judgment and sentence also reads that Barriera would have "no parole for 15 years."

2

appeal as a petition for a writ of habeas corpus and, much like our sister courts in those two cases, grant relief, directing the trial court to hold a new sentencing hearing and to reconsider his sentence to avoid a manifest injustice. Because we perceive significant differences between Barriera's sentencing and those in *Stephens* and *Johnson*, we decline the invitation.

In *Burdick v. State*, 594 So. 2d 267 (Fla. 1992), the Florida Supreme Court held that first-degree felonies punishable by a term of years not exceeding life imprisonment are subject to enhancement sentencing under the habitual felony offender statute. 594 So. 2d at 267–68. The court also held that sentencing under the HFO and HVFO statutes is permissive, not mandatory. *Id.* Nevertheless, the trial judges in *Stephens* and *Johnson* were both under the impression that they were required to impose a life sentence on a defendant convicted of a first-degree felony punishable by up to life and who qualified for sentencing as a habitual felony offender. *See Johnson*, 9 So. 3d at 641; *Stephens*, 974 So. 2d at 456.

In the present case, unlike in *Johnson* and *Stephens*, the trial court was not under the misapprehension that, because Barriera qualified for HVFO sentencing, the imposition of the life sentence was mandatory. Furthermore, it is evident from the trial court's comments at sentencing that the court believed the life sentence was entirely justified and only mentioned parole because it thought it was required to do so. Thus, although the court failed to perceive that by imposing an HVFO life sentence, Barriera would not be eligible for parole, *see Johnson*, 9 So. 3d at 641 (citations omitted), we conclude that no manifest injustice exists to justify resentencing. *Cf. Lewis v. State*, 625 So. 2d 102, 103 (Fla. 1st DCA 1993) (affirming life sentence for HFO defendant despite

3

trial court's inaccurate statement during sentencing concerning possibility of early release from prison because the trial court's intent to impose a life sentence was unambiguous).

Accordingly, we affirm the postconviction court's denial of Barriera's motion to correct illegal sentence and deny his request for habeas corpus relief.[3]

AFFIRMED.

PALMER, EVANDER and LAMBERT, JJ., concur.

---

[3] We note that a scrivener's error exists in the judgment and sentence. Although the trial court orally pronounced that it was sentencing Barriera as a habitual violent felony offender, the box for the HVFO sentencing on the armed burglary of a dwelling conviction was not checked. As we have previously held, the "oral pronouncement of sentence controls over the written document." *Gray v. State*, 915 So. 2d 254, 256 (Fla. 5th DCA 2005) (citing *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003)). However, this issue has not been preserved. *See Johnson v. State*, 954 So. 2d 702, 702-03 (Fla. 1st DCA 2007) (refusing to correct failure to check "concurrent" on written sentence, a scrivener's error, "because the issue was not preserved for appeal by the filing of a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) (citing *Proctor v. State*, 901 So. 2d 994, 995 (Fla. 1st DCA 2005); *Aument v. State*, 868 So. 2d 682 (Fla. 5th DCA 2004))).