DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HECTOR NEGRON-ESPADA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2727

[November 26, 2025]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Rebecca White, Judge; L.T. Case No. 312010CF000621A.

Hector Negron-Espada, Lake City, pro se.

No appearance required for appellee.

PER CURIAM.

Hector Negron-Espada appeals the denial of a motion to correct an illegal sentence. We affirm without prejudice for Appellant to file a timely rule 3.850 motion raising the alleged sentencing error as a claim of ineffective assistance of trial counsel.

## Background

Appellant was convicted under section 800.04(5)(b), Florida Statutes (2009), of lewd or lascivious molestation against a person less than 12 years of age for an offense committed between March 2009 and April 2010. The trial court sentenced him to life in prison, and his conviction and sentence became final on February 14, 2024. In August 2025, he moved to correct his sentence, alleging the law in effect at the time did not permit a mandatory life sentence.

## Analysis

The current and 2009 version of the statutes are the same. A life sentence *is required* if this was Appellant's second or subsequent violation of section 800.04(5)(b) and this offense was committed on or after July 1, 2008. §§ 775.082(3)(a)(4)(b), 800.04(5)(b), Fla. Stat. (2009). The record in this appeal

does not indicate whether Appellant has a prior conviction that would qualify him for a *mandatory* life sentence. Construed liberally, Appellant is alleging that the trial court had discretion and was not required to impose a life sentence. In denying Appellant's motion, the postconviction court reasoned that at sentencing his attorney was the only one who said the sentence was mandatory, the trial court was not bound by counsel's statement, and a life sentence is legal for this offense.

We affirm the denial of rule 3.800(a) relief because the sentence is not illegal within the meaning of rule 3.800(a). *See Carter v. State*, 786 So. 2d 1173, 1180–81 (Fla. 2001) (agreeing an illegal sentence is correctable under rule 3.800(a) only if it imposes a "kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances" (quoting *Blakley v. State*, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999))). Even if the trial court mistakenly believed it did not have sentencing discretion, a life sentence is still permissible for a conviction under section 800.04(5)(b). *See Johnson v. State*, 9 So. 3d 640, 640–41 (Fla. 4th DCA 2009) (recognizing a trial court's misunderstanding that a life sentence was permissible, not mandatory, did not result in an illegal sentence under rule 3.800(a) because the life sentence was technically legal).

Contrary to the postconviction court's reasoning, the sentencing transcript strongly suggests that the trial court also believed the life sentence was mandatory. Defense counsel told the court the sentence was mandatory, the court did not hear any argument from either party regarding an appropriate sentence in this case, and the court pronounced that it was imposing life "per the statute," not because of the facts in this case. As noted above, the record does not show whether Appellant has a prior conviction that would qualify him for a *mandatory* life sentence.

## Conclusion

Because Appellant may have a claim for ineffective assistance of counsel, we affirm without prejudice for him to file a timely rule 3.850 motion. The trial court may consider appointing postconviction counsel if it appears this issue may involve substantial legal research. *See Graham v. State*, 372 So. 2d 1363, 1366 (Fla. 1979); *Wheeler v. State*, 807 So. 2d 94, 97 (Fla. 1st DCA 2002) (recognizing a court "may consider the need for postconviction counsel on its own").

*Affirmed without prejudice.*

GROSS, FORST and KLINGENSMITH, JJ., concur.

\*     \*     \*

*Not final until disposition of timely-filed motion for rehearing.*