988 So.2d 51 (2008)
Ernest McKAY, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-3141.
District Court of Appeal of Florida, Third District.
July 9, 2008.
Ernest McKay, in proper person.
Bill McCollum, Attorney General, for respondent.
Before COPE, CORTIÑAS, and SALTER, JJ.
PER CURIAM.
Ernest McKay filed a pro se petition alleging ineffective assistance of appellate *52 counsel. Although his petition was untimely under Florida Rule of Appellate Procedure 9.141(c)(4)(B), he asserts that consideration of his claim is necessary to avoid a manifest injustice. See Baker v. State, 878 So.2d 1236 (Fla.2004).
McKay and several co-defendants were convicted of substantive criminal offenses and conspiracy to commit criminal offenses. The charges included offenses under the Florida Racketeer Influenced and Corrupt Organization (RICO) Act, section 895.01, Florida Statutes (1995), and conspiracy to violate RICO. McKay was ultimately convicted and sentenced on four of the conspiracy counts and two substantive criminal offenses.
In a post-conviction case brought by a co-defendant, Kanisky Evans, we held that a "principal" jury instruction should not have been given with respect to the conspiracy counts, citing Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979). We therefore vacated the conviction and sentence on those counts and remanded for a new trial on the conspiracy counts only, leaving undisturbed the conviction and sentence on the remaining counts. Evans v. State, 985 So.2d 1105 (Fla. 3d DCA 2007).
For the reasons set forth in our decision in Evans, we now vacate and remand for new trial McKay's conviction and sentence as to the conspiracy countscounts 2, 3, 4, and 12while leaving undisturbed McKay's conviction and sentence on counts 5 and 6.
Petition granted in part and denied in part.