DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAVORIS JOHNSON,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D16-3571

[August 23, 2017]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona M. Holmes, Judge; L.T. Case No. 08-CF-14517.

David Jay Bernstein of David Jay Bernstein, P.A., Deerfield Beach, petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Lavoris Johnson petitions the Court for a writ of habeas corpus, alleging ineffective assistance of appellate counsel. Fla. R. App. P. 9.141(d). We find that appellate counsel's failure to raise the trial court's error in denying Johnson's motion to suppress resulted in manifest injustice, where we reversed co-defendant Lorenzo Sanchez's conviction on that basis. *See Sanchez v. State*, 199 So. 3d 472 (Fla. 4th DCA), *rev. denied*, No. SC16-1833, 2016 WL 6603971 (Fla. Nov. 8, 2016). We therefore grant the petition, vacate Johnson's conviction and sentence for second degree murder, and remand for a new trial.

In *Sanchez*, we summarized the facts of this case as follows:

> On the morning of July 30, 2008, there was a robbery at AMIGO Food Store in Pompano Beach, Florida. During the robbery, gunshots were fired and the store owner was killed.

Several 911 calls prompted law enforcement to broadcast BOLOs about the suspects. . . .

. . . .

Starting at 9:52 a.m., a few minutes after the robbery, several BOLOs were broadcast. Prior to the first officer's arrival at the scene, the BOLOs described Haitian males fleeing westbound from the store on foot. From 9:52 a.m. until 10:02 a.m., the police stopped every black male near the convenience store—some were on foot, others on bicycles.

The arresting officer received a radio call at approximately 9:56 a.m. and arrived near the perimeter of the crime scene within 2–4 minutes. The only BOLO he heard was for "two black males fleeing westbound from the store." At the time of the stop, the officer had no further information about the suspects—he had received no information describing clothing or a vehicle.

While driving within a few blocks of the crime scene, the arresting officer saw two black males in a red Dodge Charger travelling northbound and then eastbound. The two cars passed one another going in opposite directions. The officer observed the driver's dreadlocks and noted that the passenger was seated in the rear seat furthest away from the driver. The passenger wore a white t-shirt and a large hat the officer later described as an "old grandma church hat, or turban/1930's flapper hat drawn down to his eyebrows." Neither the driver nor the passenger made eye contact with the officer, which the officer found suspicious.

Although the arresting officer witnessed no traffic violation, the sum of the odd seating arrangement, the backseat passenger's funny looking hat, and lack of eye contact, in conjunction with the outstanding BOLO, prompted the officer to make a U-turn and perform a traffic stop. After the officer activated his lights and the vehicle slowed down, the officer noticed a third black male in the front passenger seat. The arresting officer and an assisting officer approached the car with guns drawn.

199 So. 3d at 473-74. Johnson was the passenger in the front seat, while co-defendant Sanchez was the passenger in the back seat.

Johnson and Sanchez were each charged with first-degree felony murder. Both defendants moved to suppress the traffic stop, arguing that the officer lacked reasonable suspicion. The trial court denied the motion after a joint hearing. Sanchez was convicted as charged. Johnson was convicted of second degree murder as a lesser included offense and sentenced to forty years in prison.

Johnson's appellate counsel did not raise the denial of the motion to suppress on direct appeal. We affirmed his conviction and sentence per curiam. *Johnson v. State*, 149 So. 3d 25 (Fla. 4th DCA 2014). Sanchez's counsel did raise the issue, and we reversed his conviction, holding that the trial court erred in denying the motion to suppress the traffic stop because the officer lacked reasonable suspicion. *Sanchez*, 199 So. 3d at 475-78.

In this timely petition, Johnson argues that his appellate counsel was ineffective for failing to argue that the trial court erred in denying the motion to suppress. The State argues that the petition should be dismissed as successive because Johnson filed a previous petition alleging ineffective assistance of appellate counsel on different grounds, which was denied.[1] Johnson agrees that we have discretion to dismiss the petition as successive, but maintains that we must grant relief to prevent a manifest injustice. We agree.

This Court has "inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results." *Stephens v. State*, 974 So. 2d 455, 457 (Fla. 2d DCA 2008). Relief may be granted even on a successive petition or claim where failing to do so would result in manifest injustice. *Figueroa v. State*, 84 So. 3d 1158, 1162 (Fla. 2d DCA 2012); *Stephens*, 974 So. 2d at 457.

Disparate treatment of similarly situated co-defendants can result in manifest injustice, warranting habeas relief. *See, e.g., McKay v. State*, 988 So. 2d 51 (Fla. 3d DCA 2008) (granting relief on an untimely petition alleging ineffective assistance of appellate counsel, where a co-defendant's convictions were vacated on the same issue); *see also Haager v. State*, 36 So. 3d 883 (Fla. 2d DCA 2010) (reversing a sentence on appeal from the denial of a postconviction motion, finding that failure to do so would result in manifest injustice where the same relief was granted to a co-defendant

---

[1] "The Court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure." Fla. R. App. P. 9.141(d)(6)(C).

and others); *Harris v. State*, 12 So. 3d 764, 765 (Fla. 3d DCA 2008) (recognizing that "disparate treatment of co-defendants can result in manifest injustice," although "inconsistent decisions in separate, unrelated cases do not constitute disparate treatment"). To give relief to one co-defendant but deny another co-defendant the same relief under virtually identical circumstances "is a manifest injustice that does not promote–in fact, it corrodes–uniformity in the decisions of this court." *Stephens*, 974 So. 2d at 457.

We are mindful that our authority to grant a writ of habeas corpus based on manifest injustice should only be exercised in "uncommon and extraordinary circumstances." *Id.* at 457-58. However, we find that this case presents one of those rare circumstances. Failing to grant Johnson the same relief afforded to Sanchez, under virtually identical circumstances, would be an "incongruous and manifestly unfair" result. *Id.* at 457. Accordingly, we grant the petition.

We find it unnecessary to allow a new direct appeal, as such a proceeding would be redundant to Sanchez's direct appeal. *See, e.g.*, *Grant v. State*, 189 So. 3d 878, 882 (Fla. 4th DCA 2016) (granting relief on a petition alleging ineffective assistance of appellate counsel and reversing petitioner's conviction and sentence where a new direct appeal would be redundant and unnecessary). We therefore vacate Johnson's conviction and sentence for second degree murder and remand for a new trial.

*Petition granted. Conviction and sentence vacated; remanded for a new trial.*

WARNER, LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4