DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILLIPS PIERRE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D17-3103

[February 7, 2018]

Petition alleging ineffective assistance of appellate counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 08011866 CF10A.

Phillips Pierre, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke Napodano, Assistant Attorney General, West Palm Beach, for petitioner.

PER CURIAM.

The defendant petitions for a writ of habeas corpus, alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(d). According to the defendant, a manifest injustice has occurred because his appellate counsel failed to raise an argument which his co-defendant's appellate counsel successfully argued on appeal. We agree with the defendant and therefore grant the petition, vacate the defendant's convictions and sentences, and remand for a new trial.

The defendant and the co-defendant were convicted of first degree murder and attempted first degree murder following a joint trial. We affirmed the defendant's convictions on direct appeal. *Pierre v. State*, 156 So. 3d 1101 (Fla. 4th DCA 2015) (unpublished table opinion).

However, we reversed the co-defendant's convictions because the prosecutor's closing argument improperly shifted the burden of proof and invited the jury to convict the defendants for failing to call a certain witness. *See Reid v. State*, 222 So. 3d 575, 577-79 (Fla. 4th DCA 2017).

Based on the co-defendant's successful appeal, the defendant now contends that he is entitled to habeas relief because his appellate counsel did not raise the argument that the prosecutor improperly shifted the burden of proof and invited the jury to convict the defendants for failing to call a certain witness.

We agree with the defendant's argument. As we recently stated in *Johnson v. State*, 226 So. 3d 908 (Fla. 4th DCA 2017):

> This Court has inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results. Relief may be granted even on a successive petition or claim where failing to do so would result in manifest injustice.
>
> Disparate treatment of similarly situated co-defendants can result in manifest injustice, warranting habeas relief. To give relief to one co-defendant but deny another co-defendant the same relief under virtually identical circumstances is a manifest injustice that does not promote – in fact, it corrodes – uniformity in the decisions of this court.

*Id.* at 910-11 (internal citations and quotation marks omitted).

Accordingly, we grant the petition, vacate the defendant's convictions and sentences, and remand for a new trial.

*Petition granted; convictions and sentences vacated; remanded for new trial.*

GERBER, C.J., FORST and KLINGENSMITH, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2