# Third District Court of Appeal

## State of Florida

Opinion filed October 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-748
Lower Tribunal No. 11-31066
_____

**Jose Lopez,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for respondents.

Before SALTER, EMAS and LINDSEY, JJ.

PER CURIAM.

Jose Lopez petitions for writ of habeas corpus, alleging ineffective assistance of appellate counsel. The State concedes that, on the merits, Lopez is entitled to relief, but asserts that Lopez is procedurally barred. We grant the petition, concluding that Lopez is not procedurally barred,[1] and that he is entitled to the relief requested.

The relevant facts are undisputed. Lopez was convicted of, inter alia, attempted first-degree murder of Roberto Hernandez, and kidnapping of, and aggravated battery upon, Yudy Gonzalez. As to the attempted-murder conviction, the jury specifically found that Lopez used and discharged a firearm, causing great bodily harm. As to the kidnapping and aggravated battery convictions, the jury found that Lopez actually possessed a firearm.

Relevant for our purposes, the trial court sentenced Lopez as follows:

- Twenty-five years on the attempted murder count, with a twenty-five year mandatory minimum pursuant to the 10/20/Life statute. See § 775.087(2)(a)3., Fla. Stat. (2011));

---

[1] See Marshall v. State, 240 So. 3d 111 (Fla. 3d DCA 2018) (holding that, under the manifest injustice doctrine, appellate court has discretion to grant relief on a successive petition alleging ineffective assistance of appellate counsel); Johnson v. State, 226 So. 3d 908, 910 (Fla. 4th DCA 2017) (holding that an appellate court has the authority to grant relief "even on a successive petition or claim where failing to do so would result in a manifest injustice").

- Thirty years on the kidnapping count, with a ten-year mandatory minimum pursuant to the 10/20/Life statute. See § 775.087(2)(a)1., Fla. Stat. (2011)); and

- Ten years on the aggravated battery count with a ten-year mandatory minimum sentence pursuant to the 10/20/Life statute. See id.

Pursuant to this Court's then-controlling decision in Morgan v. State, 137 So. 3d 1075 (Fla. 3d DCA 2014) (Morgan I) the trial court determined that each of the mandatory-minimum sentences (twenty-five, ten and ten) must be served consecutively, for an aggregate mandatory minimum sentence of forty-five years.

Our decision in Morgan I, by which the trial court was bound, held that the trial court, under these circumstances, is without discretion to impose concurrent mandatory minimum sentences, and instead must impose those sentences consecutively. In reaching our holding in Morgan I, we relied on the First District Court of Appeal's opinion in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013) (Walton I) which likewise held that such sentences must be imposed consecutively. Both this Court in Morgan I, and the First District in Walton I, certified conflict with the Fifth District's decision in Irizarry v. State, 946 So. 2d 555 (Fla. 5th DCA 2006).

Lopez's counsel appealed his conviction and sentence, see case no. 3D14-2543, and in the initial brief, Lopez's appellate counsel challenged the consecutive

nature of the mandatory minimum sentences, contending that the trial court should have had the discretion to consider imposing those sentences concurrently. Appellate counsel acknowledged our decision in Morgan I and the First District's decision in Walton I, but argued that those decisions were in conflict with the Fifth District's decision in Irizarry, and asserted that Irizarry represented the more well-reasoned analysis. Counsel further noted that the Florida Supreme Court had accepted jurisdiction in Walton I[2] to resolve the conflict between Irizarry and Walton I (and, by extension, our decision in Morgan I, which expressly relied on Walton I and certified conflict with Irizarry). Counsel requested that, if we affirm, we certify conflict with Irizarry, as we had done in Morgan I.

On April 13, 2016, this Court issued a per curiam opinion in Lopez's appeal, affirming Lopez's conviction and sentence with a citation to Morgan I. See Lopez v. State, 189 So. 3d 1034 (Fla. 3d DCA 2016). By the time we released our opinion in Lopez, the Florida Supreme Court had already entered a stay of the proceedings in Morgan I "pending disposition of Walton v. State, Case No. SC13-1652, which is pending in this Court." See SC14-757, Order Staying Proceedings (docketed May 13, 2014). Based upon our citation to Morgan I in the opinion affirming Lopez's conviction and sentence, his appellate counsel could have (and should have) sought discretionary review in the Florida Supreme Court, in an

---

[2] See Walton v. State, 145 So. 3d 830 (Fla. 2014).

4

effort to place Lopez in the pipeline so he would receive the benefit of a favorable resolution of the Florida Supreme Court's decision in Walton I and Morgan I. See Persaud v. State, 838 So. 2d 529, 532 (Fla. 2003) (observing that the Florida Supreme Court's discretionary review jurisdiction extends to "PCA opinions that cite as controlling authority 'a case that is pending review in or has been reversed by this Court'" (quoting Jollie v. State, 405 So. 2d 418, 421 (Fla. 1981))). However, Lopez's appellate counsel failed to file a notice of discretionary review with the Florida Supreme Court.

On September 29, 2016, Lopez filed in this Court a pro se petition for writ of habeas corpus alleging ineffective assistance of appellate counsel and raising eight separate grounds, none of which included the issue raised in the petition before this Court. This Court denied that pro se petition on October 13, 2016. See Lopez v. State, 212 So. 3d 368 (Fla. 3d DCA 2016) (Table).

Thereafter, two relevant events occurred:

● On December 1, 2016, the Florida Supreme Court quashed the First District's decision in Walton I and approved the Fifth District's decision in Irizarry. Walton v. State, 208 So. 3d 60 (Fla. 2016) (Walton II). In the related case of Williams v. State, 186 So. 3d 989, 994 (Fla. 2016), the Florida Supreme Court held that "under the plain language of section 775.087(2)(d), consecutive

mandatory minimum sentences are not required, but are permissible, if the sentences arise from a single criminal episode."

● On May 26, 2017, the Florida Supreme Court granted review of our decision in Morgan I, quashed that decision, and remanded for reconsideration in light of its decisions in Walton and Williams. See Morgan v. State, 42 Fla. L. Weekly S680 (Fla. May 26, 2017) (Morgan II).

Lopez's original appellate counsel then filed this timely,[3] but successive, petition for writ of habeas corpus.[4]

As the State commendably concedes, Lopez is entitled to relief on the merits. We assess a claim of ineffective assistance of appellate counsel by applying in parallel fashion the same two-prong Strickland[5] standard of deficient performance and prejudice applied to claims of ineffective assistance of trial counsel. Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000). We agree that appellate counsel's omission under these circumstances "constituted a serious error or substantial deficiency falling measurably outside the range of professionally

_____

[3] See Fla. R. App. P. 9.141(d) (providing in pertinent part: "A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review . . . .") In the instant case, Lopez's judgment and sentence became final on direct appeal when this Court issued its mandate on April 29, 2016. The instant petition was filed on April 18, 2018.

[4] We commend Mr. Kalter for his candor, for his willingness to acknowledge this omission, and for his efforts to remedy the present situation.

[5] Strickland v. Washington, 466 U.S. 668 (1984).

acceptable performance." Id. (quoting Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000) (additional citation omitted)).

The resulting prejudice is likewise clear: had appellate counsel sought discretionary review from our per curiam affirmance (which cited to Morgan I in reliance upon Walton I), there is a reasonable probability that the Florida Supreme Court would have done precisely what it did in Morgan: entered a stay of the proceedings pending disposition of Walton v. State, Case No. SC13-1652, which was then-pending in the Florida Supreme Court. In doing so, this case would have been placed in the pipeline, giving Lopez the opportunity to obtain precisely the same outcome ordered by the Florida Supreme Court in its subsequent decision in Morgan II: quashal of our decision in Lopez, and a remand to this Court for reconsideration in light of the Florida Supreme Court's decision in Walton II and Williams. Upon remand to this Court, we would have done that which we do now by this opinion: remanding this cause to the trial court for a resentencing hearing to determine, in the exercise of its discretion, whether the mandatory minimum sentences should be served consecutively or concurrently.

Counsel's failure to seek discretionary review with the Florida Supreme Court foreclosed any opportunity for Lopez to be placed in the Walton pipeline, and we conclude that this omission and its resulting prejudice constituted ineffective assistance of appellate counsel.

7

We therefore grant the petition, reverse that portion of the sentencing order directing that mandatory minimum sentences be served consecutively, and remand this cause to the trial court for the purpose of conducting a resentencing hearing at which the trial court shall determine, in the exercise of its discretion, whether the mandatory minimum sentences imposed on Lopez's attempted murder, aggravated battery and kidnapping convictions should be served consecutively or concurrently. Lopez shall be present at the resentencing hearing and shall be represented by counsel.