DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS HOLLIS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D20-1864

[December 9, 2020]

Petition alleging ineffective assistance of appellate counsel to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Hubert R. Lindsey, Judge; L.T. Case No. 502001CF008538AXXXMB.

Luis Hollis, Jasper, pro se.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for respondent.

FORST, J.

Luis Hollis filed a pro se petition alleging ineffective assistance of appellate counsel. He acknowledges that this petition is untimely under Florida Rule of Appellate Procedure 9.141(d)(5) (2020), but he argues that the petition should be considered under an exception utilized under similar circumstances in several District Court of Appeal opinions. Because we find that Hollis's petition fails to establish that consideration of his claim is necessary to avoid the "manifest injustice" presented in Hollis's cited cases, we deny the petition.

**Background**

Petitioner Hollis and a co-defendant were convicted on the charges of (1) robbery while armed with a deadly weapon and (2) burglary while armed with a deadly weapon. They were also charged with kidnapping and convicted for the lesser-included offense of false imprisonment. Both Hollis and the co-defendant filed motions for acquittal on the kidnapping charge; these motions were denied. Hollis was sentenced to life in prison as a prison releasee reoffender for the burglary and robbery offenses, along

with a concurrent five-year sentence for false imprisonment. Hollis appealed, arguing that the court acted as an advocate for the prosecution when it sua sponte called for a sidebar and coached the prosecution on how to present evidence. We affirmed Hollis's judgment and sentence, per curiam, in *Hollis v. State*, 888 So. 2d 647 (Fla. 4th DCA 2004) (table). Mandate issued December 10, 2004.

While Hollis's appeal was pending before this court, his co-defendant challenged his own conviction for false imprisonment (like Hollis, the co-defendant was convicted for a lesser-included offense of kidnapping). In *Russell v. State*, 874 So. 2d 1256 (Fla. 4th DCA 2004), we reversed the co-defendant's false imprisonment conviction, finding the trial court erred in denying the motion for judgment of acquittal on the kidnapping charge. *Id.* at 1259. This reversal opinion issued June 9, 2004. Hollis did not raise the same argument nor reference the *Russell* opinion in his appeal.

In 2006, Hollis filed in this court a motion for extension of time for filing a petition for writ of habeas corpus on grounds of ineffective assistance of appellate counsel ("IAAC"). He was given an extension of time, to March 2007, to file his petition. Over the course of the next decade, Hollis filed mandamus petitions to compel counsel to forward the record on appeal. However, he did not pursue his IAAC claim prior to filing the instant petition on August 13, 2020.

**Analysis and Conclusion**

Florida Rule of Appellate Procedure 9.141(d)(5) provides that a petition alleging IAAC "shall not be filed more than 2 years after the judgment and sentence become final on direct review." Fla. R. App. P. 9.141(d)(5). The only exception to this two-year time limitation is where the petition "alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." *Id.* Hollis has not alleged under oath with a specific factual basis that he was affirmatively misled about the results of his appeal by counsel.

Hollis concedes that his IAAC petition is untimely. However, referencing *McKay v. State*, 988 So. 2d 51 (Fla. 3d DCA 2008), Hollis argues that consideration of his IAAC claim is permitted. In *McKay*, the defendant was convicted and sentenced on four conspiracy charges and two other counts. *Id.* at 52. In a postconviction petition, McKay's co-defendant successfully argued that a jury instruction should not have been given with respect to the conspiracy charges. *Id.* The appellate court vacated the co-defendant's conspiracy convictions. *Id.* McKay's IAAC petition therefore asserted that, although untimely, "consideration of his

2

claim [was] necessary to avoid a manifest injustice." *Id.* The court agreed, vacating McKay's conspiracy convictions in the same manner as it had done for his co-defendant. *Id.*

This court reached a similar result in *Johnson v. State*, 226 So. 3d 908 (Fla. 4th DCA 2017) and *Pierre v. State*, 237 So. 3d 402 (Fla. 4th DCA 2018). In *Johnson*, the defendant and co-defendant had both been charged with murder; however, only the co-defendant challenged the denial of motions to suppress that both parties had asserted below. *Johnson*, 226 So. 3d at 910. Johnson's conviction and sentence were affirmed, while the co-defendant's conviction was reversed. *Id.* Johnson had previously filed an IAAC petition that had been denied, but the petition did not address the motion to suppress. *Id.* When he again filed an IAAC petition, the State argued that it should be dismissed as successive. *Id.* Finding that "[t]his Court has 'inherent authority to grant a writ of habeas corpus to avoid incongruous and manifestly unfair results,'" *id.* (quoting *Stephens v. State*, 974 So. 2d 455, 457 (Fla. 2d DCA 2008)), we granted Johnson's petition. *Id.* at 911. In *Pierre*, we quoted language from *Johnson* in granting habeas relief: "To give relief to one co-defendant but deny another co-defendant the same relief under virtually identical circumstances is a manifest injustice that does not promote—in fact, it corrodes—uniformity in the decisions of this court." *Pierre*, 237 So. 3d at 403 (quoting *Johnson*, 226 So. 3d at 910–11).

"[O]ur authority to grant a writ of habeas corpus based on manifest injustice should only be exercised in 'uncommon and extraordinary circumstances.'" *Johnson*, 226 So. 3d at 911 (quoting *Stephens*, 974 So. 2d at 457–58). In addition to the two-year time limit for filing an IAAC petition, rule 9.141(d)(5) further provides that "*[i]n no case* shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review." Fla. R. App. P. 9.141(d)(5) (emphasis added). Thus, the latest Hollis could have filed his IAAC petition was December 10, 2008, more than eleven years prior to his August 13, 2020 filing.

By contrast, the petitioner in *McKay*, as well as in *Johnson* and *Pierre*, did not run afoul of this "4 years" restriction. The petition in *McKay* was granted less than four years after the appellate court had affirmed his conviction on direct appeal. *See Johnson v. State*, 892 So. 2d 1039 (Fla. 3d DCA 2004) (table), *cert. denied sub nom. McKay v. Florida*, 545 U.S. 1142 (2005).[1] The petitions in both *Johnson* and *Pierre* were granted a

---

[1] The appeals of McKay and "several codefendants were consolidated with the appeal of Wallace Johnson and affirmed without opinion under *Johnson v. State*,

little over three years after we had affirmed the convictions on direct appeal.  *See Johnson v. State*, 149 So. 3d 25 (Fla. 4th DCA 2014) (table); *Pierre v. State*, 156 So. 3d 1101 (Fla. 4th DCA 2015) (table).  Each of these petitioners had filed their successful habeas petitions less than a year following their co-defendants' successful challenges.  *Compare McKay v. State*, 988 So. 2d 51 (Fla. 3d DCA 2008), *Johnson* v. *State*, 226 So. 3d 908 (Fla. 4th DCA 2017), and *Pierre v.* State, 237 So. 3d 402 (Fla. 4th DCA 2018), *with Evans v. State*, 985 So. 2d 1105 (Fla. 3d DCA 2007), *Sanchez v. State*, 199 So. 3d 472 (Fla. 4th DCA 2016), *and Reid v. State*, 222 So. 3d 575 (Fla. 4th DCA 2017).  As noted above, Hollis filed his petition more than a decade after both his direct appeal and the co-defendant's successful appeal.  Accordingly, he has failed to exercise due diligence in pursuing this matter.

The State additionally points out that Hollis has already served his sentence on the false imprisonment count and that he is now serving life sentences on the two remaining counts.  Thus, it contends that preventing manifest injustice does not require this court to grant the untimely IAAC petition and vacate Hollis's conviction and sentence for false imprisonment, as it would have no impact on the length of Hollis's incarceration.

"The term 'manifest injustice,' . . . has been acknowledged as an exception to procedural bars to postconviction claims in only the rarest and most exceptional of situations." *Cuffy v. State*, 190 So. 3d 86, 87 (Fla. 4th DCA 2015).  In considering the instant petition's reliance on the "manifest injustice" exception, we take into account: (1) Hollis's failure to file this petition within four years of the judgment and sentence becoming final on direct review; (2) the more than a decade delay in asserting that his co-defendant's successful appeal on a claim not presented by Hollis's appellate counsel establishes an IAAC claim; and (3) the fact that Hollis has already served his sentence for the false imprisonment conviction and a reversal of that conviction would have no impact on his remaining prison time due to the other convictions.  Based on these factors, which mitigate Hollis's claim of "manifest injustice" attributable to "uncommon and extraordinary circumstances," we decline to exercise our authority to grant habeas relief.

*Petition denied.*

---

892 So. 2d 1039 (Fla. 3d DCA 2004)." *Evans v. State*, 985 So. 2d 1105, 1106 n.4 (Fla. 3d DCA 2007).  McKay petitioned for U.S. Supreme Court review of *Wallace Johnson v. State*, which was denied.  *McKay v. Florida*, 545 U.S. 1142 (2005).

CIKLIN and CONNER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***